SUCKLE *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered May 29, 1922.

1. CARRIERS—LOSS OF GOODS—MARKET VALUE.—In an action for value of goods lost or destroyed in transit, where both parties adopted the theory that the goods were worth as much at the place of shipment as at destination 30 miles distant, and that the proper criterion of value was the original cost thereof at the place where they were purchased, an instruction limiting recovery to the market value at the place of destination was not erroneous, though the proof established the value, and the bill of lading provided for its computation, at the place of shipment.

2. APPEAL AND ERROR—SUBMISSION OF ISSUE ON UNDISPUTED EVIDENCE.—In an action against a carrier for the value of boxes of goods lost in transit, where undisputed evidence showed the contents of the boxes and their value, submission to the jury of the question as to the contents of the lost boxes and their value was reversible error.

3. CARRIERS—LOSS OF GOODS—EVIDENCE OF CONTENTS AND VALUE.—In an action against a railroad for the value of goods lost or destroyed in transit, the undisputed testimony of plaintiff's shipping clerk that the invoices contained in a book, in which an itemized statement of each article packed and the value thereof was entered, were correctly made, and that the goods specified as being in each box were placed there under his supervision and were contained therein when shipped, constituted such definite proof of the contents of the boxes and value of the goods therein as rendered the submission of such questions to the jury reversible error.

4. TRIAL—EFFECT OF UNDISPUTED TESTIMONY OF EMPLOYEES.—Mere employees or clerks cannot be said to be interested in the result of litigation between their employer and third parties, so as to render permissible submission to the jury of issues as to facts definitely established by their undisputed testimony.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

*H. E. Rouse,* for appellant.

The measure of damages where goods are lost is the invoice price of the goods at point of shipment, and not at destination. 127 Ark. 246.

Plaintiff's proof that the invoice price of the goods lost was $1,448.90 was uncontradicted. Juries have no

right to disregard uncontradicted evidence.  Plaintiff was entitled to a directed verdict.  145 Ark. 399; 84 *Id.* 369; 80 *Id.* 397; 67 *Id.* 514; 66 *Id.* 439; 53 *Id.* 96; 87 *Id.* 70; 101 *Id.* 532; 96 *Id.* 37.

The court had no right to limit plaintiff to proof of actual market value at Fulton.  The invoice price of the goods at Prescott was his measure of damages.  *Supra;* 10 C. J. 176-177, § 222; *Id.* 397, § 607; 192 S. W. (Ark.) 212 *et seq.*; 110 Ark. 619; 159 Fed. 974.  The court's instruction on this subject call for reversal, since it without doubt caused the jury to return the inadequate verdict.  82 Ark. 510; 58 *Id.* 199, 230 S. W. (Ark.) 10; 229 *Id.* 737, 738; 226 *Id.* 168; 110 Ark. 557; 80 *Id.* 455; 70 *Id.* 79.  See also 136 *Id.* 357 204 S. W. (Ark.) 618; 115 Ark. 259; 116 *Id.* 238; 82 Ark. 131; *Id.* 381; *Id.* 603; *Id.* 424; 89 *Id.* 105; 131 *Id.* 369.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

1.  The market value at destination was the correct measure of damages.  253 U. S. 97, 64 Law. Ed. 801; 73 Ark. 112; 115 *Id.* 20; 147 *Id.* 109; 127 *Id.* 246; 110 *Id.* 58.

2.  The amount of damages was a question for the jury.  86 Ark. 29; 82 *Id.* 86; 95 *Id.* 144; 124 *Id.* 490-495; 54 *Id.* 214; 80 *Id.* 284; 85 *Id.* 121; 139 *Id.* 255.

HUMPHREYS, J.  Appellant instituted suit against appellee in the Nevada Circuit Court to recover $1,448.90, the alleged value of two cases of dry goods, consisting of clothing, underwear, etc., and one case of coat racks, shipped over appellee's railroad from Prescott to Fulton, a distance of 30 miles, which were never delivered, but were lost or destroyed in transit.  It was alleged the lost goods were included in the bill of lading issued and delivered at the time of the shipment by appellee to appellant, which is in part as follows:

"Missouri Pacific Railroad Company.

"Issued at Prescott, Ark., 9-28-20, consigned by J. Suckle to J. Suckle, Fulton, Ark.  Goods received and accepted for shipment; 2 rolls paper, 2 cs. shoes, 1 crt.

coat racks, 1 cs. rubber shoes, 9 cs. dry goods, weight 1,990 lbs., on which freight and war tax was $10.56.

"(Signed) G. A. HAYS, Agent,

"J. SUCKLE, Shipper

"Per C. O. CARRINGTON."

On back of which the following appears: "Section 1. The carrier or party in possession of any of the property herein described shall be liable for any loss thereof or damage thereto, except as hereinafter provided."

"Sec. 3. The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid."

The allegations in the complaint were denied, and the case was submitted to the jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellant for $750, from which is this appeal.

At the conclusion of the testimony appellant requested the court to direct a verdict in his favor for the full amount claimed, which the court refused to do, over his objection and exception. When the verdict was returned, appellant moved the court to render a judgment in his favor for the full amount claimed, notwithstanding the verdict of the jury, which motion was overruled, over his objection and exception. Appellant's requests proceeded upon the theory that the undisputed evidence showed the shipment and loss of the goods of the value of $1,448.90. Appellee's theory was that there was a dispute in the evidence as to the quality of goods contained in the lost boxes and the value thereof. The court adopted the theory of appellee, and, over the objection and exception of appellant, instructed a verdict in his favor for the market value of the goods at Fulton, the point of destination. In addition to the general objection, appellant specifically objected to the instruction because it limited the market value to Fulton, whereas the proof established

the value at Prescott, and because the bill of lading provided for its computation, in case of loss, at the place and time of shipment. In the course of the examination of witnesses concerning the market value of the goods attention was directed to the cost or invoice prices thereof in New York and Chicago, where the goods were purchased. Neither party attempted to show any difference in the market value of them at Prescott and Fulton. Both adopted the theory that they were worth as much at one point as the other, and that the proper criterion of value was the original cost of the goods. This character of proof was introduced by appellant, relating to the value of the goods, and appellee offered no objection to the manner in which the market value was established. Again, Prescott and Fulton are so near to each other that no material difference could exist in the market value of the goods at either place. No error resulted on account of this phase of the instruction given by the court. Reversible error, however, was committed in submitting the question of the contents of the lost boxes and value thereof to the jury. The trial court should have instructed a verdict in favor of appellant for $1,448.90. The undisputed evidence showed that the goods, which cost that amount in New York and Chicago, were contained in the boxes which were lost. The major portion of the goods came from New York and had been purchased and received only a short time before shipment. The remaining portion had been brought over from the year before, but were worth the invoice or cost price. After a careful examination of the testimony we find no material conflicts or discrepancies therein, and no circumstances from which an inference might be drawn either that the boxes did not contain all of the goods or that the value of the goods was less than claimed. Thirteen boxes of goods were shipped in the first shipment, numbered from 1 to 13. Ten of the boxes were delivered and three lost. The lost boxes were numbered 3, 5 and 7. In packing the boxes preparatory to shipment appellant's clerks used a record called an in-

voice book, in which an itemized statement of each article placed in the box and value thereof was entered.  Joe Hubbard, the clerk who did the principal part of the work, testified that the invoice was cerefully made, and that the goods specified as being in each box were placed therein by him or under his supervision, and were contained in the respective boxes when shipped.  It appears to us that this is about as definite as proof could be made concerning the contents of the boxes and the value of the goods therein contained.  Appellant and his clerk testified where the goods came from that were shipped in these boxes.  No. attempt was made to deceive the jury as to the character of the goods shipped.  They testified that a part of them had been recently purchased in New York, and that a part of them had been brought over in the stock from the previous year.  They testified that those brought over which were in the shipment were worth the invoice price.  Appellee insists, however, that the evidence cannot be regarded as undisputed because the witnesses testifying to the facts are interested in the result of the case.  There is nothing in the record showing that Joe Hubbard or Claude Carrington, two witnesses introduced in behalf of appellant, in addition to himself, were interested in appellant's business.  The cases cited in support of appellee's contention upon this point are not applicable, because in those cases the facts were established by witnesses interested in the result of the cause.  Employees or clerks cannot be said to be interested in the result of litigation between their employers and third parties from the mere fact that they are employees or clerks.

For the error in refusing to peremptorily instruct a verdict in the amount claimed in favor of appellant, the judgment is reversed, and judgment is directed here in favor of appellant of $1,448.90 and interest thereon.